# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| GILBERTO NAVARRO, | : | |
| Plaintiff, | : | |
| vs. | : | CA 18-0534-JB-MU-C |
| BP EXPLORATION & PRODUCTION, INC., et al., | : | |
| | : | |
| Defendants. | | |

## REPORT AND RECOMMENDATION

This BELO action has been referred to the undersigned, in accordance with 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S), for appropriate action. For the reasons stated herein, it is recommended that, at a minimum, the Court dismiss this action without prejudice based upon Plaintiff's failure to prosecute this action and comply with the Court's orders dated May 29, 2019 (Doc. 30), August 14, 2019 (Doc. 36) and August 28, 2019 (Doc. 38). Alternatively, it is recommended that the Court **GRANT** the Defendants' motion for sanctions and dismissal of case with prejudice (Doc, 37) and dismiss this action with prejudice, as an appropriate sanction under Federal Rule of Civil Procedure 37(b)(2)(A)(v), because no other sanction will suffice in light of Plaintiff's blatant disregard for his discovery responsibilities.

## FACTUAL BAKGROUND

This BELO action was transferred to this Court from the Eastern District of Louisiana at the end of 2018. (*See* Docs. 6-7.) Plaintiff was initially represented by Nathan L. Nelson of the Downs Law Group (*see* Docs. 18-19); at the end of April of 2019,

however, Gabriel Hawa from the Downs Law Group appeared *pro hac vice* for Navarro and began representing him in this Court (*see* Doc. 29). Mr. Hawa entered his appearance shortly after this Court stayed all BELO cases in this District pending entry of a global BELO Case Management Order ("CMO"). (*Compare id. with* Doc. 28 (order staying case entered on April 18, 2019)).

This Court entered its BELO CMO on May 29, 2019. (Doc. 30). In relevant measure, the CMO sets a discovery completion date of 12 months from the docketing date of the CMO in all BELO cases, like the present one, that already had been transferred to this District (*see id.,* ¶ 8, at 5) and apprised each Plaintiff of certain self-executing discovery responsibilities (*see id.,* ¶ 8.b., at 6-7 ("Within forty-five (45) days of the docketing date, plaintiff shall produce to the BP defendants (a) all medical records, and (b) records that support causation . . ., other than those documents previously produced pursuant to (II)(1)(A) of the BELO Cases Initial Proceedings Case Management Order, entered by Magistrate Judge Joseph C. Wilkinson, Jr., in the Eastern District of Louisiana on January 30, 2015, if any. Further, plaintiff will execute the <u>authorizations</u> attached to this Order and produce them to the BP defendants at the same time.")). The CMO also sets forth certain discovery limits (*e.g.,* a total of 25 interrogatories and requests for admission and 35 requests for production) and provides that responses to interrogatories are due within 45 days of service while responses to requests for production and admission are due within 30 days of service. (Doc. 30, ¶ 10, at 7-8).

Under the CMO, Plaintiff's self-executing discovery responsibilities were to be "performed/accomplished" by not later than **July 15, 2019.**[1] In addition, on July 1, 2019, the Defendants filed notice of their service of first interrogatories and requests for production on June 30, 2019 (Doc. 31), making Mr. Navarro's responses to the interrogatories due not later than **August 14, 2019** and his responses to the requests for production due not later than **July 30, 2019** (*compare id. with* Doc. 30, ¶ 10).

Ten days after Plaintiff was to have provided the Defendants with the executed authorizations and any available records not previously produced outlined in ¶ 8.b. of the CMO, that is, on **July 25, 2019,** Plaintiff's counsel filed an *ex parte* motion to withdraw as counsel of record without substitution and to stay proceedings (Doc. 32). This motion was set down for a telephone conference on August 13, 2019. (*See* Docs. 33 & 35). Before the conference was conducted, the Defendants filed a response opposing the requested stay of proceedings (Doc. 34). After hearing from Gabriel Hawa, Esquire, and Plaintiff Gilberto Navarro at some length by telephone, the undersigned entered an Order on August 14, 2019 granting the motion to withdraw because of the "extreme difficulties" counsel for Plaintiff were experiencing in "successfully communicating" with their client regarding "his responsibilities in this litigation[,]"—which the undersigned found apparent on the face of the record since the Defendants had not received the executed authorizations or supplemental records set forth in ¶ 8.b. of the CMO nor Plaintiff's responses to propounded written requests for production—and because of anticipated

---

[1] Forty-five days from May 29, 2019 actually fell on Saturday July 13, 2019; therefore, the undersigned finds that Mr. Navarro should have signed all executions, etc., by not later than July 15, 2019. *See* Fed.R.Civ.P. 6(a)(1)(C) (in computing time, "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

future similar difficulties litigating this action since Mr. Navarro resides in the Northeast (Lawrence, Massachusetts) instead of the Gulf Coast. (Doc. 36, at 1-3.) At the same time, however, the undersigned specifically denied the request for a stay and informed Mr. Navarro that he was

> responsible for ensuring that this case stays on track and that he meets all deadlines and responsibilities set forth in the CMO. To this end, the Court specifically **ORDERS** Plaintiff to respond to all outstanding discovery (the interrogatories and requests for production propounded by Defendants on June 30, 2019) and CMO deadlines (specifically, the deadline to provide executed authorizations and supplemental records) not later than **August 23, 2019.**

(*Id.* at 3 (footnote omitted)). Plaintiff was specifically informed that if the packet of information he stated on the telephone conference that he was going to fax to defense counsel by the end of business on August 14, 2019 did not contain everything identified in the Order (*e.g.*, his responses to the Defendants' propounded requests for production and interrogatories), he was to produce all such information to the Defendants "not later than **August 23, 2019**[]" and that "any failure to respond as ordered herein may lead to the imposition of sanctions as outlined in Rule 37(b)(2)(i)-(vii) of the Federal Rules of Civil Procedure." (*Id.* n.3).

Instead of producing all information outlined in the August 14, 2019 Order by August 23, 2019, Plaintiff eschewed this directive, as outlined in Defendants' motion for sanctions and dismissal of case with prejudice (Doc. 37), by failing to serve his responses to the Defendants' propounded interrogatories and requests for production of documents (*see id.* at ¶¶ 5 & 7). The filing of this motion for sanctions prompted the undersigned to enter a show cause order on August 28, 2019. (Doc. 38).

> Mr. Navarro is **ORDERED** TO **SHOW CAUSE** in writing, not later than **September 11, 2019**, why this Court should not dismiss his action with

> prejudice as a sanction for his failure to comply with the undersigned's August 14, 2019 Order by responding to all outstanding discovery by not later than August 23, 2019.
>
> Mr. Navarro is also specifically **ADVISED** that should he fail to file a written response to this order by not later than September 11, 2019, it will be undersigned's additional (or, perhaps, sole) recommendation that this action be dismissed without prejudice on account of his failure to prosecute and comply with the orders of this Court.

(*Id.* at 2 (internal citation omitted)). To date, this Court has not received a written response from Mr. Navarro to its August 28, 2019 show cause order.

## CONCLUSIONS OF LAW

The Defendants have moved to dismiss Plaintiff's BELO action under Rule 37(b)(2)(A)(v). (*See* Doc. 37). Rule 37(b)(2) authorizes a district court to impose sanctions against a party who violates an order compelling discovery. Fed.R.Civ.P. 37(b)(2); *see also Phipps v. Blakeney,* 8 F.3d 788, 790 (11th Cir. 1993) (recognizing that a district court has broad discretion to control discovery and that "[t]his power includes the ability to impose sanctions on uncooperative litigants."). Permissible sanctions include dismissal. Fed.R.Civ.P. 37(b)(2)(A)(v). "Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." *Gratton v. Great American Communications,* 178 F.3d 1373, 1374 (11th Cir. 1999) (per curiam).

In addition, a Plaintiff's disregard of a court order warrants a dismissal of his action under Federal Rule of Civil Procedure 41(b), which specifically authorizes a district court to dismiss and action for failure to comply with a court order or the federal rules. Fed.R.Civ.P. 41(b); *Gratton, supra,* 178 F.3d at 1374-75; *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A

district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'"). Finally, a district court retains the inherent power to police its docket and to enforce its orders. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (holding district courts have the inherent power to *sua sponte* dismiss a cause of action for failure to prosecute); *see also Mingo v. Sugar Cane Growers Co-op. of Florida,* 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket. . . . Incident to this power, the judge may impose formal sanctions upon dilatory litigants. The sanctions imposed can range from a simple reprimand to an order dismissing the action with or without prejudice.").

The Eleventh Circuit has made clear, however, that a dismissal with prejudice is an extreme sanction that may be properly imposed only when: "'(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.'" *Betty K. Agencies Ltd. v. M/V MONADA,* 432 F.3d 1333, 1337-38 (11th Cir. 2005) (citations omitted); *see Malautea v. Suzuki Motor Co., Ltd.,* 987 F.2d 1536, 1542 (11th Cir.) ("Violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal."), *cert. denied,* 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993). While "the severe sanction of a dismissal . . . is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders[,]" *id.,* a district court is not required to first impose lesser sanctions if the lesser sanction would be ineffective, *id.* at 1544.

In this case, Plaintiff ignored the provisions of CMO (Doc. 30) regarding the due dates for responding to propounded written discovery (*compare id.* at ¶ 10 *with* Doc. 31) and, as well, this Court's August 14, 2019 Order (Doc. 36) compelling those written discovery responses by not later than August 23, 2019 (*compare id. with* Doc. 37 (motion for sanctions)), despite being forewarned on August 14, 2019 that any continued failure to respond to the propounded discovery could lead to the imposition of sanctions outlined in Fed.R.Civ.P. 37(b)(2)(i)-(vii) (*see* Doc. 36, at 3 n.3). In addition, and most troubling, Plaintiff has completely failed to respond to the undersigned's August 28, 2019 show cause order, which required him to show cause in writing, by September 11, 2018, why his action should not be dismissed as a sanction for failing to comply with a discovery order and additionally advised him that the undersigned would likely also recommend that his action be dismissed without prejudice due to his failure to prosecute by complying with the Court's orders. (*Compare* Doc. 38 *with* Docket Sheet.)

In light of the foregoing, the undersigned has no hesitancy in recommending that, at a minimum, the Court **DISMISS** Plaintiff's BELO action **without prejudice**, pursuant to Fed.R.Civ.P. 41(b), due to his failure to prosecute this action by complying with this Court's lawful orders. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."), *cert. denied,* 493 U.S. 863, 110 S.Ct. 180, 107 L.Ed.2d 135 (1989). Alternatively, the undersigned recommends that the Court **GRANT** Defendants' motion for sanctions and dismissal of case with prejudice (Doc. 37) and **DISMISS** Plaintiff's BELO action **with prejudice**, pursuant to Fed.R.Civ.P. 37(b)(2)(A)(v), as no lesser sanction short of

dismissal would be appropriate given Plaintiff's clear pattern of willful refusal to answer the Defendants' propounded written discovery and comply with this Court's orders.[2]

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation

---

[2] Mr. Navarro's repeated violation of his discovery obligations and ignoring the clear terms of Court orders demonstrate that such disobedience is likely to continue. Moreover, monetary sanctions would be illusory for a *pro se* Plaintiff sitting in Massachusetts with no demonstrated means to afford such sanctions and no likely impetus to pay them even if he could afford to pay. Nor, under the circumstances, is it fair to believe that excluding evidence or striking claims would cause Mr. Navarro to comply with orders of the court that are only going to become more (not less) onerous. And staying further proceedings in this case until the orders are obeyed will only reward Plaintiff's defiance of his obligations while at the same time prejudicing the Defendants' ability to timely litigate this matter (one of hundreds of its kind filed to date in this District) to conclusion. Thus, no lesser sanction than dismissal will suffice.

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 20th day of September 2019.

s/ P. Bradley Murray  
**UNITED STATES MAGISTRATE JUDGE**